UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GORDON W. WHEELER,

      Petitioner,

v.                                                    CASE NO. 5:09-cv-274-Oc-10TBS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.
_____

## <u>ORDER</u>

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 9).  Petitioner filed a reply to the response (Doc. No 12).

Petitioner alleges four claims for relief: (1) trial counsel rendered ineffective assistance by abetting in the breach of the plea agreement; (2) Petitioner's August 8, 2005, plea to violation of probation in case number 2003-CF-639 and plea of no contest in case number 2005-CF-210  were involuntary; (3) his convictions in case numbers 2003-CF-639 and 2005-CF-210 violate the prohibition against double jeopardy; and (4) he was denied counsel to assist him in withdrawing his plea for violation of probation.  For the following reasons, the petition is denied.

### I.    Procedural History

On September 11, 2003, in case number 2003-CF-639, Petitioner pled no contest to driving while license suspended or revoked as a habitual traffic offender.  The trial court sentenced Petitioner to three years of probation.   (App. A at 13-20.)

Subsequently, on February 20, 2005, in case number 2005-CF-210, Petitioner was arrested for felony fleeing or eluding (count one), possession of cocaine (count two), and driving while license suspended or revoked (count three).[1]  Id. at 21-26.  On March 1, 2005, a violation of probation affidavit and warrant was filed in case number 2003-CF-639, based on the charges in case number 2005-CF-210.  Id. at 30-35.

On August 8, 2005, pursuant to a plea agreement, Petitioner pled no contest to the charges in case number 2005-CF-210 and to the violation of probation in case number 2003-CF-639.  (App. A at 58-59; App. Z at 4.)  The plea agreement provided that Petitioner could be sentenced up to five months and twenty-nine days in jail and up to four years of probation for each case.  (App. A at 58-59.)  On September 14, 2005, the trial court sentenced Petitioner in each case to a five-year suspended sentence of incarceration conditioned upon the successful completion of three years of drug offender probation. (App. P at 22.)  The trial court further provided Petitioner the opportunity to seek early termination of probation in eighteen months.  Id.

Thereafter, on October 20, 2005, Petitioner was arrested for battery.  (App. A at 82.) As a result, a violation of probation affidavit and warrant was filed in case numbers

---

[1]An amended information was filed on August 8, 2005, charging Petitioner with felony fleeing or eluding (count one), possession of cocaine (count two), and violation of a restricted driver's license (count three).  (App. A at 56-57.)

2

2003-CF-639 and 2005-CF-210.  *Id.* at 82-87.   On November 7, 2005, Petitioner pled guilty to the violation of probation.  (App. A, Trans. Nov. 7, 2005 Plea and Sentencing Hr'g at 7.) The trial court sentenced Petitioner to concurrent five-year terms of imprisonment for each count in the two cases.  *Id.* at  9.  Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed without opinion.  (App. D.)

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief.  (App. F).  The state trial court denied the motion, and Petitioner appealed.   The Fifth District Court of Appeal affirmed without opinion.  (App. L.)

Petitioner filed a second Rule 3.850 motion for post-conviction relief.  (App. P.)  The state trial court denied the motion.  *Id.* at 73-79.   Petitioner appealed, and the Fifth District Court of Appeal affirmed without opinion.  (App. S.)

Petitioner filed a third Rule 3.850 motion for post-conviction relief.  (App. W at 1-10.) The state trial court denied the motion.  *Id.* at 16-37.   Petitioner appealed, and the Fifth District Court of Appeal affirmed without opinion.  (App. X.)

## II.    *Legal Standards*

### A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."  *Maharaj v. Sec'y for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."  *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.    *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984),

established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2]   *Id.* at 687-88.   The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance.   *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).   To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."   *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.   *Strickland*, 466 U.S. at 689-90.   "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."   *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.   *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. Analysis

### A. Claims One and Two

In claim one, Petitioner asserts that counsel rendered ineffective assistance by abetting the trial court in breaching his August 8, 2005, plea agreement. In support of claim one, Petitioner maintains that counsel should have objected to a breach of the plea agreement at the September 14, 2005, sentencing hearing because the trial court sentenced Petitioner to a greater sentence than was contained in the plea agreement. Likewise, in claim two, Petitioner contends that his August 8, 2005, plea to the violation of probation in case number 2003-CF-639 and plea of no contest in case number 2005-CF-210 were involuntary. Petitioner argues that the pleas were not voluntary because the trial court did not sentence him in accordance with the plea agreement.

Petitioner raised claim one in his first Rule 3.850 motion, and the state court denied the claim. (App. G.) Petitioner raised claim two in his second Rule 3.850 motion. In denying relief, the state court conceded that Petitioner may have been correct that the trial court did not honor the terms of the plea agreement. (App. P at 74.) Nevertheless, the state court determined that (1) Petitioner accepted the suspended sentence imposed by the court and (2) any error in the September 14, 2005, sentence was negated by

Petitioner's subsequent violation of probation and five-year sentence of incarceration imposed for the violation of probation. *Id.*

The record reflects that Petitioner entered into a plea agreement, whereby he would enter a plea of no contest to VOP in case 2003-CF-639 and to the charges in case number 2005-CF-210 in exchange for a maximum sentence of five months and twenty-nine days in jail and four years of probation. (App. A at 58-59.)  A plea hearing was conducted on August 8, 2005, at which the trial court noted the terms of the plea agreement. (App. Y.) The trial court asked Petitioner if anyone had threatened or coerced him into entering the plea, and he responded negatively. *Id.* at 7.  Petitioner affirmed that he wanted to waive his right to a trial and enter a plea of no contest. *Id.* at 7-12.  The trial court accepted the plea, concluding that Petitioner voluntarily entered it. *Id.* at 13.  The trial court continued sentencing pending completion of the pre-sentence investigation report. *Id.*

Thereafter, on September 14, 2005, the trial court conducted the sentencing hearing. (App. P at 7-27.)  At the sentencing hearing, the trial court asked if the plea was open to the court, to which Petitioner's counsel responded affirmatively. *Id.* at 21.  The trial court then sentenced Petitioner to three concurrent five-year terms of imprisonment, which were suspended pending Petitioner's completion of three-years of drug offender probation. *Id.* at 22.

As an initial matter, the Court notes that it is not clear that the trial court actually sentenced Petitioner in violation of the terms of the plea agreement.  Pursuant to the plea agreement, the trial court was permitted to sentence Petitioner to a maximum of five months and twenty-nine days in jail and to four years of probation.  Instead, the trial court did not impose any jail time but gave Petitioner a suspended sentence contingent on his

completion of three years of drug offender probation.  In other words, Petitioner received less jail time and less probation than the maximum terms provided by the plea agreement.

Moreover, at no time during the sentencing hearing or on appeal did Petitioner object to the sentence imposed by the court or advise the court that he had not been sentenced in accordance with the terms of the plea agreement.  The record reflects that Petitioner was content to accept the trial court's imposition of a suspended sentence in exchange for no jail time.  It was only after Petitioner violated his probation on October 24, 2005, and subsequently entered a plea of guilty on November 7, 2005, to the VOP that Petitioner appealed his convictions or sentences.  There is no indication that Petitioner ever moved to withdraw his August 2005 plea.  Furthermore, the Court notes that logically any contention that the trial court failed to comply with the terms of the August 8, 2005, plea agreement was waived or became moot in light of Petitioner's subsequent VOP.  *See Stroble v. State*, 689 So. 2d 1089, 1090 (Fla. 5th DCA 1997) ("[O]ne who takes advantage of an invalid sentence until he violates community control is estopped to assert the invalidity of his original sentence.").  As such, the Court concludes that Petitioner has failed to demonstrate that the trial court breached the August 8, 2005, plea agreement or that his plea was not voluntary.

Likewise, Petitioner has not demonstrated that counsel rendered ineffective assistance by failing to object to the trial court's alleged failure to comply with the plea agreement.  First, there is no indication that the trial court actually sentenced Petitioner in violation of the terms of the plea agreement.  Second, even assuming that Petitioner had demonstrated that the trial court did so, he has not established that absent counsel's failure to object, Petitioner would not have entered a plea but would have proceeded to trial.  As

8

noted *supra*, Petitioner never objected to the sentence imposed on September 14, 2005, or sought to withdraw his August 8, 2005 plea.  Thus, Petitioner has not demonstrated either deficient performance or prejudice.  Accordingly, claims one and two are denied pursuant to Section 2254(d).

### B.    Claim Three

Petitioner asserts that his September 14, 2005, convictions in case numbers 2003-CF-639 and 2005-CF-210 violate the prohibition against double jeopardy.  In support of this claim, Petitioner maintains that he was convicted in case numbers 2003-CF-639 and 2005-CF-210 on August 8, 2005, when the court accepted his pleas pursuant to the plea agreement.  Petitioner argues that he was "re-convicted of the same offenses" when the trial court sentenced him on September 14, 2005.

The Double Jeopardy Clause of the United States Constitution "protects against multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984).  Contrary to Petitioner's contention, he was not "re-convicted" of the same offenses on September 14, 2005.  Instead, the trial court merely sentenced Petitioner on that date.  As such, Petitioner has not demonstrated that he was convicted in violation of his right against double jeopardy.  Accordingly, claim three is denied pursuant to Section 2254(d).

### C.    Claim Four

Petitioner maintains that the trial court denied him the representation of counsel to assist him with withdrawing his November 7, 2005, plea of guilty to VOP.  Petitioner notes that he proceeded *pro se* at the November 7, 2005, VOP hearing, and after the hearing, he filed a motion to withdraw his plea and a notice of appeal.  Petitioner argues that he was

9

not offered counsel to assist him in filing a motion to withdraw his plea.   Respondents contend that this claim is procedurally barred from review because in denying the claim the state court found it should have been raised on direct appeal.

Petitioner raised this claim in his third Rule 3.850 motion.   The state court determined that the claim should have been raised on direct appeal and denied it.  (App. W at 18-19.)  The state court further concluded that Petitioner freely and voluntarily waived his right to counsel and was precluded from claiming that the court erred by not appointing him counsel.  *Id.* at 19.

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law.   28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)   (I)   there is an absence of available State corrective process; or
>
>          (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law.  *Coleman v.*

*Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court.  *Id.* at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted).  The Supreme Court of the United States has observed that "Congress surely meant that exhaustion be serious and meaningful."  *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court.  Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.*; *see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both

"cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). The Supreme Court of the United States has recently held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim. . ." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to *Strickland*. *Martinez*, 132 S. Ct. at 1318. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* Finally, to establish "prejudice" so as to warrant review of a procedurally defaulted claim, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be

credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

Review of the record demonstrates that Petitioner did not raise this claim on direct appeal from his final VOP and sentencing hearing on November 7, 2005, and the state court found it should have been raised on direct appeal.  *See, e.g., Searcy v. State*, 971 So. 2d 1008 (Fla. 3rd DCA 2008) (addressing claim that trial court erred by failing to appoint counsel to assist with motion to withdraw plea on direct appeal from conviction). Therefore, claim four is procedurally barred from review by this Court, absent application of an exception to the procedural default bar, because it was found to be procedurally barred by the state court.  *See, e.g., Lang v. Sec'y, Dep't. of Corr.,* No. 8:04-cv-2547-T-17EAJ, 2007 WL 1120333, *4 (M.D. Fla. Apr. 13, 2007) (holding that claim that trial court erred by failing to renew offer of counsel after *Faretta v. California*, 422 U.S. 806 (1975) hearing was procedurally barred because the petitioner did not raise claim on direct appeal).

Petitioner has failed to demonstrate either cause or prejudice to overcome the procedural default.  Furthermore, Petitioner has not demonstrated that he is actually innocent.  Accordingly, claim four is procedurally barred from review by this Court.[3]

---

[3]The Court further notes that the need to hold a second *Faretta* hearing when a motion to withdraw the plea is filed is not a rule firmly established by Supreme Court precedent.  *See, e.g., United States v. Nunez*, 137 F. App'x 214, 215-16 (11th Cir. 2005) ("If we were to place upon the district court an obligation to reassess its *Faretta* hearing decision, we would do so only on a showing of a substantial change in circumstances since the initial hearing.  *Cf. United States v. McBride*, 362 F.3d 360, 367 (6th Cir. 2004)").

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.     The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Gordon W. Wheeler is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.     The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 24th day of May, 2012.

UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 5/24
Counsel of Record
Gordon W. Wheeler

14